**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:05CV33**

| | |
|---|---|
| PAULL ANDERSON,<br>       **Plaintiff,**<br><br>       v.<br><br>JULIUS JENNINGS WADE, JR., JAMES<br>H. WADE, WADE AND WADE<br>ATTORNEYS AT LAW, MARGARET L.<br>GODLEY and GODLEY, INC.,<br>       **Defendants.** | )<br>)<br>)<br>)    <u>**ORDER**</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion to Compel" (Document No. 44), filed August 29, 2005 by Paull Anderson (*pro se*); the Defendant "Margaret L. Godley's Response in Opposition to Plaintiff's Motion to Compel" (Document No. 46), filed September 12, 2005; the "Response of Defendants Julius Jennings Wade, Jr., James H. Wade, and Wade and Wade, Attorneys at Law, in Opposition to Plaintiff's Motion to Compel" (Document No. 47), filed September 19, 2005; and "Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Compel" (Document No. 48), filed September 22, 2005. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), and this motion is now ripe for disposition. Having considered the written arguments, pleadings, and applicable authority, the undersigned will <u>deny</u> the Plaintiff's Motion to Compel.

In his motion, Mr. Anderson complains of the objections made by the Defendants in response to his interrogatories and request for production of documents, and asks the Court to compel the Defendants to respond with particularity, pursuant to Federal Rules of Civil Procedure 69, 34, 33 and 26. Mr. Anderson's discovery requests seek, among other things, information going back eight years

concerning the Defendants' assets, liabilities, income, family financial transactions, real estate holdings, business enterprises, financial statements, and tax documents.

Defendant Godley objected to each discovery request,

> * * * on the grounds that the information sought is not relevant to any claim or defense of any party in this action. The information sought is not discoverable in that Plaintiff is merely attempting to conduct Post Judgment Discovery on the premise that he has a Judgment enforceable in North Carolina. The North Carolina Courts have specifically found that his Judgment is not enforceable and this Court has not ruled otherwise. As such, this request is not relevant.

(See Document No. 44). The Wade Defendants also objected to each discovery request,

> * * * on the grounds that it seeks information which is immaterial and irrelevant and cannot lead to evidence which is material and relevant. The litigation is about the remaining effectiveness or enforceability of Plaintiff's lien and this Interrogatory seeks to engage in supplemental proceedings in aid of execution which is a post-judgment remedy.

(See Document No. 44). For the reasons stated below, the Court sustains the Defendants' objections and denies Mr. Anderson's motion to compel.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929

(4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

On January 24, 2005, Mr. Anderson filed this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, asking the Court to declare that a judgment he obtained in the U.S. District Court for the Eastern District of Kentucky in 2000 is valid and enforceable in North Carolina against the Defendants herein. Defendant Godley answered and raised various defenses, including the defense of *res judicata*, noting Mr. Anderson's numerous failed attempts to enforce the Kentucky judgment in North Carolina state courts. (Document No. 10). The Wade Defendants filed a motion to dismiss and a motion for summary judgment also raising the defense of *res judicata*. (Document No. 15). On March 10, 2005, Mr. Anderson filed a motion for summary judgment (Document No. 16), asking the Court to grant a judgment in his favor declaring the Kentucky judgment to be valid and enforceable in North Carolina against the Defendants.

Turning now to Mr. Anderson's motion to compel, the Defendants contend that the information he seeks to discover is not relevant to the issue of whether he has a valid judgment subject to enforcement in North Carolina. The Court agrees. No issue raised in Mr. Anderson's complaint or motion for summary judgment, or in the Defendants' answers and motions, relate to the Defendants' assets and financial transactions. Mr. Anderson's discovery requests inquire into the Defendants' financial affairs, apparently with the goal of establishing their ability to satisfy the Kentucky judgment. However, Mr. Anderson's motion presumes the judgment is capable of execution and enforcement–an issue of ultimate fact underlying the instant action. Therefore, the

Court finds that his discovery requests are neither relevant to the subject matter involved in the pending action, nor reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Mr. Anderson also argues that Rule 69(a) permits the discovery he seeks. The Court disagrees. Rule 69 sets forth the process for enforcing a judgment for the payment of money, and permits a creditor to obtain discovery from a judgment debtor in "aid of the judgment or execution." Fed. R. Civ. P. 69(a). The judgment, however, must be capable of execution to permit the discovery sought. In the event the merits of this action are decided in Mr. Anderson's favor, Rule 69 may then provide him with a vehicle for identifying the Defendants' assets in aid of the judgment or execution. Until that time, Mr. Anderson's attempt to obtain discovery on these matters under any rule of civil procedure is premature. Accordingly, the Court in its discretion will deny Mr. Anderson's motion to compel.

**IT IS, THEREFORE, ORDERED** that the "Plaintiff's Motion to Compel" (Document No. 44), filed August 29, 2005 by Paull Anderson (pro se) is hereby **DENIED.**

Signed: September 1, 2006

David C. Keesler
United States Magistrate Judge