# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| PAULL ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JULIUS JENNINGS WADE, Jr., )<br>individually and d/b/a WADE )<br>and WADE, Attorneys at Law, )<br>JAMES H. WADE, individually )<br>and d/b/a WADE and WADE, )<br>Attorneys at Law, WADE AND )<br>WADE, Attorneys at Law, )<br>MARGARET L. GODLEY, )<br>Individually and as Executrix )<br>of the Estate of M.R. Godley, )<br>deceased, and GODLEY, INC., )<br>)<br>Defendants. )<br>_____) | CIVIL CASE NO. 3:05CV33 |
| PAULL ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FRANK H. GODLEY, )<br>)<br>Defendant. )<br>_____) | CIVIL CASE NO. 3:07CV318 |

**ORDER**

**THIS MATTER** is before the Court by reassignment on September 26, 2007.

The Court has reviewed the record of both pending actions and finds that the cases should be consolidated. Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involving a common question of law or fact are pending before the court[.]" **Fed.R.Civ.P. 42(a).** Here, the cases involve common questions of law and fact. Under Rule 42, the Court "may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." **Id.** Moreover, district courts have the inherent authority to order consolidation *sua sponte*. **Devlin v. Transportation Communs. Intl'l Union, 175 F.3d 121, 130 (2nd Cir. 1999); Pickle v. CharLee Seafood, Inc., 174 F.3d 444 (4th Cir. 1999) (Acknowledging authority although determining inappropriate under the facts.).**

"Actions that involve the same parties are apt candidates for consolidation." **Blasko v. Washington Metropolitan Area Transit, 243 F.R.D. 13, 15 (D.D.C. 2007).** Although Frank Godley is not currently a defendant in the first-filed action, the Plaintiff has attempted to join him in that action. And, the allegations against Godley in the second action are in

reality aimed at his mother, one of the defendants in the first-filed action. "[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." **Id.**

And, consolidation is favored where supported by "considerations of judicial economy." **Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2nd Cir. 1990).** Consolidation is especially appropriate when it is used to "expedite trial and eliminate unnecessary repetition and confusion." **Miller v. United States Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984).** In these cases, consolidation will actually avoid the risk of inconsistent adjudications of common factual and legal issues. **Johnson, supra.** It will also avoid the burden of multiple litigation on the parties and witnesses. **Id.** The Court therefore finds, in its discretion, that consolidation is appropriate.

In the first-filed case, there are five pending motions. As a result, the Court will prohibit any further filings by any party until such time as the pending motions are resolved. In the second case, the Defendant moved on September 25, 2007 for sanctions pursuant to Federal Rule of Civil Procedure 11. The time within which the Plaintiff may respond has not yet expired. The Court will allow response in the form of a brief not to exceed

25 double-spaced pages in size 14 font.

**IT IS, THEREFORE, ORDERED** that the above-captioned cases are hereby **CONSOLIDATED** with the first-filed case, *Anderson v. Wade, et. al.*, 3:05cv33 designated as the lead case and the second-filed case, *Anderson v. Godley*, 3:07cv318, to be administratively closed by the Clerk of Court.

**IT IS FURTHER ORDERED** that the reference to the Magistrate Judge is hereby respectfully **WITHDRAWN** in order to avoid the duplicative use of judicial resources.

**IT IS FURTHER ORDERED** that, with the exception of the Plaintiff's response to the pending motion for Rule 11 sanctions, the parties are hereby **PROHIBITED** from any further filing until the resolution of the pending matters. The Plaintiff's response shall abide by the terms of this Order. No reply to the response may be filed by the Defendant. The parties are further cautioned they may not attempt to contact the Court outside the record, such as by letter.

Signed: October 5, 2007

Martin Reidinger
United States District Judge