# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:05CV33
# [LEAD CASE]

| | |
|---|---|
| PAULL ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JULIUS JENNINGS WADE, Jr., ) | |
| individually and d/b/a WADE ) | |
| and WADE, Attorneys at Law, ) | |
| JAMES H. WADE, individually ) | |
| and d/b/a WADE and WADE, ) | |
| Attorneys at Law, WADE AND ) | |
| WADE, Attorneys at Law, ) | |
| JOHNNY C. GODLEY as ) | |
| Executor of the Estate of ) | |
| MARGARET L. GODLEY, ) | |
| deceased, and GODLEY, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on the Plaintiff's Motion to Substitute Parties [Doc.60], filed February 14, 2007, wherein Plaintiff states "Upon information and belief, on or about January 16, 2007, the Defendant Margaret L. Godley ("Godley"), AKA Margaret Pfleeger Godley, passed away." [Doc.60]. Plaintiff's Motion was accompanied by the filing of a

document entitled "Suggestion of Death Upon the Record Under Rule 25(a)(1)" [Doc.61], in which Plaintiff makes an identical statement. The attorneys who represented Mrs. Godley in this matter filed a Response to that Motion, acknowledging that their client had died and attaching a certified copy of her death certificate. [Doc.63].

Since Plaintiff's Motion was filed prior to the December 1, 2007, amendment to Rule 25 of the Federal Rules of Civil Procedure, the Rule then in effect applies to this Motion. It reads in pertinent part as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties in the manner provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

The first question is whether the Motion is before the Court. Rule 25 requires that "[T]he motion . . . shall be served . . . upon persons not parties in the manner provided in Rule 4 for the service of a summons, . . ." In other words, the persons who are not parties, but whom the movant seeks to make parties by substitution, need to be served pursuant to Rule

2

4, rather than using Rule 5 service.

The Court is presented with two problems. The Plaintiff does not state who is to be substituted as party Defendant, and Plaintiff does not provide any proof of service.

Nowhere in the Motion does the Plaintiff identify the personal representative of the deceased or even who the Plaintiff seeks to have substituted for the deceased Defendant. In fact, in his prayer for relief Plaintiff asks "that the Court determine the proper parties in interest and order the substitution thereof for Defendant Godley." Plaintiff then proceeds to name ten persons, corporations, other entities or groups[1] that may be the proper party or parties." [Doc.60 at 3]. The Suggestion of Death filed by the Plaintiff states nothing at all about who should be substituted for the deceased. [Doc.61]. Without identifying the persons to be substituted, the Plaintiff's Motion and Suggestion of Death do not comply with the Rule. <u>Hawes v. Johnson & Johnson</u>, 940 F.Supp. 697 (D NJ 1996); <u>Hardy v. Kaszycki</u>, 842 F.Supp. 713, 716 (SD NY 1993); Wright & Miller, §1955.

---

[1] This is counting "the heirs, assigns and benefactors [sic] of the [Margaret] Godley Estate as one "group." For each group the Plaintiff does not identify the persons who are members of the groups so that they may be substituted, if appropriate.

The attorneys for the deceased, however, filed a Response with the Court, stating that they are acting on behalf of "the Estate of Margaret L. Godley" [Doc. 63 at 3] identifying the executor/personal representative of the Estate of Margaret Godley as her son, Johnny C. Godley, [Doc.63 at 2], and asking that he be substituted. For reasons that are unexplained, however, Plaintiff objected and moved to strike this Response on the grounds that upon the death of Defendant Godley that the attorneys who represented her "no longer have any authority or standing in the case," citing Farris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985). [Doc.65].

Plaintiff's Motion contains a certificate of service that reads in pertinent part

> This is to certify that on 9th [sic] February 2007 Plaintiff initiated service, pursuant to Rule 4 Federal Rules of Civil Procedure, of true copies of the foregoing Plaintiff's MOTION FOR SUBSTITUTION OF THE PROPER PARTIES upon the following non-parties at their below listed addresses.

[Doc.60 at 4]. One of the non-parties so listed was

> Johnny C. Godley, 106 Edgarly Court, Charlotte, North Carolina, 28214-1204; the Estate of Margaret L. Godley/Margaret Pfleeger Godley, its Administrator and Executor/Executrix, serve Johnny C. Godley; the Godley Family Trust, serve Johnny C. Godley; the Estate of Marvin R. Godley, serve Johnny C. Godley.

[Id.]. Plaintiff has identically worded paragraphs pertaining to other

4

persons in the certificate of service, as though Plaintiff intended a "shot gun" approach to compliance with Rule 25, without knowing whom to serve. Plaintiff, therefore, appears to at least have made a layman's attempt to serve the person who happens to be the proper party to be substituted, to wit: Johnny C. Godley, Executor of the Estate of the deceased Defendant Margaret L. Godley.

Attempting service, however, is not sufficient. Rule 25 requires service ("shall be served") by the motiving party upon the Executor. Plaintiff's certificate of service only compounds the problem. It only states that on February 9, 2007, Plaintiff "initiated service" upon a multitude, including the Executor. It does not state that service was perfected. Plaintiff, however, later filed a Return of Service, consisting of several affidavits signed by one Greg Childress, including one stating that he had served a copy of the Motion and the Suggestion of Death upon Johnny C. Godley by delivering a copies thereof to his spouse at his dwelling place. This complies with Rule 4(e).

The Executor has made no appearance objecting to being substituted. To the extent that the Response filed on behalf of the "Estate of Margaret L. Godley" is an appearance on behalf of the Executor, he has

5

consented to being substituted, and asks to be substituted.

The Motion will, therefore, be granted in part, and Johnny C. Godley as Executor of the Estate of Margaret L. Godley, will be substituted as a party Defendant.

To the extent that the Plaintiff seeks the substitution of persons and entities other than the personal representative of the deceased Defendant, the Court will treat such Motion as a motion to amend pursuant to Rule 15, but finds that the motion does not state any basis on which the Plaintiff could extend the claim set out in this action to such other persons and entities, and holds that any such amendment would be futile.  Furthermore, the Court notes that this action was pending for more than two years before Plaintiff filed his motion and that the time for amending pleadings has long since run.  As such, and in the Court's discretion, the Court will deny the Motion to substitute any person or entity other than the personal representative of the deceased Defendant.

In addition to being a Defendant in her individual capacity in this case, Defendant Margaret L. Godley was also named as a Defendant in her capacity as Executrix of the Estate of M.R. Godley.  Plaintiff provides the Court with no information as to who is the substitute Executor of the

Estate of M.R. Godley.  On this issue the attorneys who represented Mrs. Godley have declined to bail out the Plaintiff.  All of this, however, is without consequence.  In this action the Plaintiff seeks declaratory judgment as to the rights of the parties pursuant to a Judgment entered by the United States District Court for the Eastern District of Kentucky.  The Defendants named in this action are the judgment debtors named in that Judgment, with the exception of M.R. Godley (or the Estate of M.R. Godley or his personal representative).  As such, the Plaintiff has no rights against the Estate of M.R. Godley pursuant to a Judgment to which said Mr. Godley was not a party.  As such, making the substitute Executor a party herein would be a futile act.  For these reasons, the Motion to Substitute with regard to the personal representative of the Estate of M.R. Godley will be denied.

As for Plaintiff's motion [Doc.65] to strike the Response [Doc.63] containing the information necessary for Plaintiff's Motion to Substitute,[2] the Court can only view this as Plaintiff's attempt to shoot himself in the foot.  The Court in its discretion will deny the motion to strike so that

---

[2] The motion to strike is buried in the text of Plaintiff's Reply [Doc.65].  Since no prayer for relief alerts the Court to the presence of this motion, it is not properly before the Court.  Out of an abundance of caution, however, the Court will in its discretion deny the motion to strike so that the Motion to Substitute can be effectuated.

Plaintiff will not serve to inadvertently act to defeat his own Motion to Substitute.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Substitute Parties [Doc.60] is **GRANTED IN PART AND DENIED IN PART**, as follows. Johnny C. Godley, Executor of the Estate of Margaret L. Godley, is substituted in this action as a party Defendant in the place and stead of Defendant Margaret L. Godley, and the caption of this case shall be amended to reflect such substitution. The portion of the Motion seeking the substitution of additional parties for Margaret L. Godley, whether in her individual or representative capacities, is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion to strike contained in his Reply to Response [Doc.65] is **DENIED**.

Signed: March 26, 2008

Martin Reidinger
United States District Judge