# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:05CV33

| | |
|---|---|
| PAULL ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DECLARATORY JUDGMENT |
| ) | |
| JULIUS JENNINGS WADE, Jr., ) | |
| individually and d/b/a WADE ) | |
| and WADE, Attorneys at Law, ) | |
| JAMES H. WADE, individually ) | |
| and d/b/a WADE and WADE, ) | |
| Attorneys at Law, WADE AND ) | |
| WADE, Attorneys at Law, ) | |
| JOHNNY C. GODLEY as ) | |
| Executor of the Estate of ) | |
| MARGARET L. GODLEY, ) | |
| deceased, and GODLEY, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

For the reasons set forth in the Memorandum and Decision filed simultaneously herewith,

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that the Court declares the rights of the parties as follows

1. The Plaintiff has a valid Judgment, rendered by the United States District Court for the Eastern District of Kentucky (Civil Action No. 94-111)

against Defendants Julius Wade, James Wade and Wade and Wade, attorneys at law, in the original face amount of $611,200.53 (Plaintiff's Judgment). The validity of Plaintiff's Judgment has not been altered by any subsequent proceedings.

2. Plaintiff's Judgment was a valid Judgment against Defendant Margaret L. Godley in the original face amount of $611,200.53 as of the date of her death, the validity of which Judgment was not altered by any subsequent proceedings.

3. Plaintiff's Judgment, whether against the Wade Defendants, against Mrs. Godley prior to her death or in Mrs. Godley's Estate, is not enforceable and cannot be enforced through the state courts of the State of North Carolina.

4. Plaintiff's Judgment has been duly recorded with the United States District Court for the Western District of North Carolina, and is enforceable through such means as may be available to the Plaintiff for the enforcement of a Federal Judgment (if there are any), except that it may not be enforced through the state courts of the State of North Carolina.

5. Plaintiff has no rights against M.R. Godley arising from Plaintiff's Judgment, and had no rights against M.R. Godley as of the date of his death because M.R. Godley was not a judgment debtor on Plaintiff's

Judgment.

6. This Court has no subject matter jurisdiction to declare what rights, if any, Plaintiff may have to enforce his federal Judgment by means other than through the state courts of the State of North Carolina, and to the extent that Plaintiff seeks declaratory judgment as to such issue, the Plaintiff's action is dismissed.

7. This Court has no subject matter jurisdiction to declare what rights, if any, Plaintiff may have pursuant to Plaintiff's Judgment in the Estate of Margaret L. Godley or the Estate of M.R. Godley, exclusive jurisdiction for such determination being in the state courts of the state where the Estate proceeding is pending, and to the extent that Plaintiff seeks declaratory judgment as to such issue, the Plaintiff's action is dismissed.

8. The costs of this action are taxed against the Plaintiff.

Signed: March 27, 2008

Martin Reidinger
United States District Judge